[Civ. No. 15897.   Second Dist., Div. One.   Sept. 11, 1947.]

Estate of VIRGIL O. THORNTON, Deceased. ALICIA R. THORNTON, Appellant, v. VERNA THORNTON, as Administratrix, etc., Respondent.

Blase A. Bonpane for Appellant.

Elsie M. Farris for Respondent.

DORAN, J.—This is an appeal from the order in a probate proceeding denying a petition to have the estate set aside to the widow under section 640 of the Probate Code "and particularly from that portion of the order," reading as follows:

"The court finds that the widow of deceased, Alicia R. Thornton, has failed to sustain the burden of proving her ownership of an estate of less than $5000.00, and is not entitled to have said estate set aside to her on her petition under Probate Code Section 640, et seq. and that said petition is denied."

■ Appellant submits that, "there is only one issue involved in this appeal, namely, whether, under the state of the record, the widow, Alicia R. Thornton, is entitled to have the entire estate of her husband, after payment of funeral expenses, expenses of last illness and of administration, set aside to her under the provisions of section 640-645 inclusive of the Probate Code. There is no dispute as to the law because it is conceded that under the above sections of the Probate Code when a decedent leaves a surviving spouse and the net value of his estate over and above all liens and encumbrances of record at the date of death does not exceed the sum of two thousand five hundred dollars, the estate will be set aside to the surviving spouse provided she does not have other estate of $5000."

It is contended that "the court's finding that the widow failed to sustain the burden of proving her ownership of an estate of less than $5000 is contrary to the evidence and the law."

The only evidence offered was the testimony of the widow.

The briefs consist of somewhat extensive quotations from the testimony accompanied by an analysis of its effect. For example appellant argues, "After being divested of the usual repetitious verbiage which is apt to result from direct, cross and redirect examination, interspersed by questions from the court, the widow's testimony shows," etc. Then follows a list of the items and a calculation tending to support appellant's contention that the value is less than $5,000. Respondent on the other hand argues that, "All of the testimony of the widow is indefinite and vacillating in the extreme. It was with the utmost difficulty that she was made to answer a direct question." Excerpts from the testimony follow in

connection with which respondent contends, in part, "It is respectfully submitted that the widow in this case, under her own testimony, was unable to establish the amount of money she had on hand at the time of the death of decedent, or what the value of the property was in her possession" and concluded with the observation that "The lower court was well able to judge the manner of this witness in testifying and her indefinite, inconsistent and unconvincing testimony."

Appellant replies that, "It would appear that respondent's counsel is trying to patch together disconnecting parts of appellant's testimony as to the amounts in appellant's possession at the time of her husband's death and omits intermediate parts that are elucidating" and also that "In spite of the repetitious questioning of the widow, in an apparent effort to create an illusion that the amounts involved were greater than they actually were, the fact does remain that in all of her positive testimony, the widow time and time again testified only to certain stated items as being in her possession at the time of her husband's death, the sum total of which was $4115.50."

The trial court settled the dispute in favor of respondent and it is well settled that the judgment in such circumstances is conclusive on appeal.

Order is affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied September 30, 1947.